


**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATE OF AMERICA** | **CRIMINAL** |
| **VERSUS** | **NO. 95-377** |
| **TERRENCE MILLSAPS** | **SECTION "S"** CA 06-349 |

**TRANSFER ORDER**

Defendant, TERRENCE MILLSAPS, has filed a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 in which he is challenging the constitutionality of his 1996 conviction and sentence. To support his challenge, defendant asserts the following grounds for relief:

1) His conviction and sentence were illegal, as established by a new rule of constitutional law under Blakely v. Washington, 124 S.Ct. 2531 (2004) and United States v. Booker, 125 S.Ct. 738 (2005).

A review of this Court's record reflects that defendant has filed a prior § 2255 motion related to this same conviction and sentence. In that motion, filed March 15, 1999, defendant raised the following grounds for relief:

1) He received ineffective assistance of counsel at trial and on appeal;

2) He was prejudiced because the prosecution failed to file a bill of information relative to defendant's sentencing as an habitual offender;

___ Fee___
___ Process___
X Dktd___
___ CtRmDep___
___ Doc. No.___

3) The court failed to properly instruct the jury as to the weight to be given the testimony of a paid informant;

4) The affidavit of probable cause for his arrest was not signed by the Magistrate Judge;

5) He was illegally sentenced because the statute under which he was indicted does not provide a penalty;

6) He was punished twice for the same offense;

7) Improper sentence enhancement for a career offender;

8) Prosecutorial misconduct;

9) He is entitled to a sentence reduction; and

10) The federal government lacked jurisdiction to prosecute drug trafficking offenses.

That motion was denied with prejudice on the merits by Judgment entered April 28, 2000. Defendant appealed the judgment. The Court of Appeals dismissed the appeal for want of prosecution. See United States v. Millsaps, 00-30798 (5th Cir. 2000).[1]

The motion presently before the Court is considered to be a second or successive motion as described in 28 U.S.C. §§ 2244 and 2255. In order to overcome the prohibition against the filing of second or successive claims, the defendant must establish that the motion contains one of the following requirements:

---

[1] Defendant subsequently filed two more pleadings raising Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which the Court construed as successive § 2255 motions and denied on June 29, 2001. (Record Doc. 481). Both this Court and the Fifth Circuit denied his request for a certificate of appealability. Defendant filed additional motions, in 2004 and 2005, seeking leave to file out-of-time appeals, raising the applicability of Apprendi and United States v. Booker, 125 S.Ct. 738 (2005), respectively. In both instances, this Court considered the pleadings as motions for certification of a successive petition under 28 U.S.C. § 2255, and transferred them to the United States Fifth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. (See Record Doc. 506 and Record Doc. 540). The Fifth Circuit Court of Appeals denied authorization in both cases. See In Re Millsaps, 04-30815 (5th Cir. 2004) and In Re Millsaps, 05-30670 (5th Cir. 2005).

1) claims based on newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the defendant guilty of the offense; or

2) claims based on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

Before the motion can be considered on the merits by this District Court, the defendant must obtain certification from the United States Fifth Circuit Court of Appeals to file this second or successive motion by making a prima facie showing of the above listed requirements to that appellate court as required by § 2255. Until such time as defendant obtains said certification, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that defendant's motion be construed in part as a motion for certification for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that this motion be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244 and § 2255 to file the instant motion to vacate in this District Court.

New Orleans, Louisiana, this 3 day of February, 2006.

Mary Ann Vial Lemmon
UNITED STATES DISTRICT JUDGE