UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 95-377 |
| TERENCE MILLSAPS | SECTION: "S" |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Terrence Millsaps' Motion for Leave to Preserve Right to File Supreme Court's Recognized New Right (Doc. #688) is construed as a motion to bring a second or successive petition for habeas corpus under 28 U.S.C. § 2255, and as such is **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit for consideration.

Defendant, Terence Millsaps, has filed a motion for leave to preserve his right to have new rights granted by the Supreme Court of the United States Recognized. He cites: Peugh v. United States, 133 S.Ct. 2072 (2013); Ex Parte Lightfoot, 2013 WL 3481945 (Ala. July 12, 2013); Alleyne v. United States, 133 S.Ct. 2151 (2013); Begay v. United States, 128 S.Ct. 1581 (2008); and Spencer v. United States, 727 F.3d 1076 (11th Cir. 2013), *reh'g en banc granted, opinion vacated*, Spencer v. United States, No. 10-10676 (11th Cir. March 7, 2014). The court construes this as a motion for leave to bring a petition under § 2255.

A review of this Court's record reflects that on March 15, 1999, defendant filed a prior § 2255 motion related to this same conviction and sentence. The motion was denied with prejudice on the merits by Judgment entered April 28, 2000. Defendant appealed the judgment and the United States Court of Appeals for the Fifth Circuit dismissed the appeal for want of prosecution. See United States v. Millsaps, 00-30798 (5th Cir. 2000).

The motion presently before the court is considered to be a second or successive motion as described in 28 U.S.C. §§ 2244 and 2255. In order to overcome the prohibition against the filing of second or successive claims, the defendant must establish that the motion contains claims based on newly discovered evidence, that if proved and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the defendant guilty of the offense; or claims based on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court of the United States, that was previously unavailable. 28 U.S.C. § 2255.

Before defendant's motion can be considered on the merits by this court, he must obtain certification from the United States Court of Appeals for the Fifth Circuit to file this second or successive motion by making a prima facie showing of the above listed requirements to that appellate court as required by § 2255. Until such time as defendant obtains said certification, this court is without jurisdiction to proceed. Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion be construed as a motion for the district court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that this motion be and hereby is **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit under the authority of 28 U.S.C. § 1631 for that court to determine whether petitioner is authorized under 28 U.S.C. §§ 2244 and 2255 to file this instant motion in this court.

New Orleans, Louisiana, this ___ day of August, 2014.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**