UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 95-377** |
| **TERRENCE MILLSAPS** | **SECTION: "S" (4)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that the **Motion to Reduce Sentence** (Rec. Doc. 804) filed by defendant, Terence Millsaps, is **DENIED**.

### BACKGROUND

Defendant, Terrence Millsaps, was charged by superseding indictment in March 1996 and convicted by jury in November 1996 of one count of conspiracy to possess with intent to distribute and one count of attempted possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Defendant's guideline imprisonment range was 360 months to life, and in February 1997, the court sentenced him to 450 months of imprisonment. The Fifth Circuit Court of Appeals affirmed his sentence in 1998, and this court denied a subsequent motion to vacate his sentence. Millsaps is currently serving his sentence at Thompson United States Penitentiary and has served approximately 305 months to date. His projected release date is August 6, 2029.

Defendant has filed two new documents in this case. The first, captioned "Motion to Reduce Sentence" (Rec. Doc. 804) seeks a reduction in sentence on compassionate release grounds due to the defendant's medical conditions and the Covid 19 pandemic. The second,

captioned "Supplemental Brief in Support of Motion for Compassionate Release" (Rec. Doc. 807) seeks relief on a new and separate ground, namely, that the length of the sentence imposed, coupled with a change in the law, constitute an extraordinary and compelling circumstance justifying compassionate release.

The government opposes the motion, arguing that with respect to his COVID-19 claim, defendant has failed to establish that his medical condition constitutes an extraordinary and compelling circumstance. With regard to the supplemental argument related to the length of his sentence, the government contends that it was never presented to the Bureau of Prisons ("BOP") and thus must be dismissed as unexhausted.

## DISCUSSION

Generally, courts "may not modify a term of imprisonment once it has been imposed." Dillon v. United States, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). However, title 18, section 3582 of the United States Code permits the court to reduce a term of imprisonment only after considering the applicable factors set forth in section 3553(a) and upon a finding that extraordinary and compelling reasons warrant a reduction and that a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). The applicable Sentencing Commission policy statement provides that a defendant seeking a sentence reduction must establish that "extraordinary and compelling reasons warrant the reduction" and "[the defendant] is not a danger to the safety of any other person or to the

community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13.[1] However, in granting the requested relief, a district court is always bound by the sentencing factors in § 3553(a). Shkambi, 993 F.3d at 393.

In this case, defendant argues that extraordinary and compelling circumstances are present because of his vulnerability to COVID-19 and his assertion that due to changes in the law, if sentenced today, he would receive a shorter sentence. The court notes that defendant's COVID-19 argument is significantly undermined by the fact that he is now fully vaccinated against COVID-19. Further, his length of sentence argument was not exhausted before the BOP.[2] However, the court pretermits the question whether these circumstance are extraordinary and compelling, because it finds consideration of the 3553(a) factors mandates denial of the motion.

Title 18 U.S.C. 3553(a) provides, in relevant part, that "[t]he court, in determining the particular sentence to be imposed, shall consider . . . the need for the sentence imposed . . . to protect the public from further crimes of the defendant." Millsaps has an extensive criminal

---

[1] The Fifth Circuit has held that U.S.S.G. § 1B1.13 "informs our analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release," but the commentary is "not dispositive" and does not bind a court considering a compassionate release motion. See United States v. Thompson, 984 F.3d 431, 433 (5th Cir. 2021); United States v. Shkambi, 993 F.3d 388, 392 (5th Cir. 2021).

[2] The government's argument that this claim is subject to dismissal for failure to exhaust is well-taken. See, e.g., United States v. Samak, 2020 WL 2473780 (E.D. La. May 13, 2020) ("For a petitioner's request to the warden to exhaust administrative remedies in accordance with § 3582(c)(1)(A), the request must be premised on the same facts alleged in the corresponding motion filed with the court."). While defendant argued in his Reply memorandum that he submitted a supplemental application on this issue to the BOP, no evidence of this submission was provided. However, because the court finds herein that even if exhausted, the defendant cannot otherwise prevail on the motion, it does not require exhaustion in this case.

history, including having committed the conspiracy that he is currently serving a sentence for while he was on parole for being in possession of stolen property. While incarcerated, Millsaps has received multiple serious disciplinary infractions, including sexual misconduct in front of prison staff and assault of another inmate. Millsaps' inmate profile indicates that he has a high risk of recidivism. These facts indicate that compassionate release would not adequately protect the public from the defendant. Millsaps' release at this time would not reflect the seriousness of his offense, promote respect for the law, or provide just punishment. Further, compassionate release would not afford adequate deterrence to criminal conduct. Defendants' current sentence is sufficient, but not greater than necessary, to promote these goals. Thus, even in the unlikely event defendant could establish that extraordinary and compelling reasons favoring a reduction in sentence were present, the balance of the 3553(a) factors weighs against compassionate release. Accordingly,

**IT IS HEREBY ORDERED** that the **Motion to Reduce Sentence** (Rec. Doc. 804) filed by defendant, Terence Millsaps, is **DENIED**.

New Orleans, Louisiana, this   4th   day of June, 2021.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**