UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 95-377** |
| **TERRENCE MILLSAPS** | **SECTION: "S"** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Terrence[1] Millsaps' **Motion for Leave to Re-Open Original 28 U.S.C. § 2255** (Rec. Doc. 818), is **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit for consideration.

Defendant, Terrence Millsaps, has filed a motion for leave to re-open his original habeas petition, in light of the dismissal of one of his state court convictions. The record reflects that Millsaps' aggravated battery conviction was dismissed pursuant to Louisiana Code of Criminal Procedure article 893(E). Rec. Doc. 827-1. That rule provides for dismissal of a conviction when the petitioner has completed his period of probation. LA. CODE CRIM. PROC. art. 893(E)(2). However, an 893(E) dismissal does not alter the fact that "the conviction may be considered as a prior offense for purposes of any other law or laws relating to cumulation of offenses." LA. CODE CRIM. PROC. art. 893(E)(2). Thus, contrary to Millsaps' assertion, the dismissal has no effect on his sentencing as a career offender, and provides no basis for re-sentencing.

Further, despite defendant's styling of his motion as one to re-open, the court construes this as a motion for leave to bring a petition under § 2255. The court has considered and denied numerous motions brought by Millsaps pursuant to § 2255, or construed as such, collaterally

---

[1] Defendant's name has been alternately spelled Terence, Terrance, and Terrence in record documents. However, defendant's name has been spelled "Terrence" in the official case caption since the filing of the indictment (Rec. Doc. 1), and the court therefore continues to use that spelling.

attacking his 1996 conviction. Rec. Docs. Nos. 540, 636, 656, 506, 557, 668. Thus, the instant § 2255 motion by Millsaps is successive. Before defendant's motion can be considered on the merits by this court, he must obtain certification from the United States Court of Appeals for the Fifth Circuit to file this second or successive motion as required by 28 U.S.C. § 2255(h).  Until such time as defendant obtains this certification, this court is without jurisdiction to proceed. Accordingly,

**IT IS HEREBY ORDERED** that this motion be and hereby is **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit under the authority of 28 U.S.C. § 1631 for that court to determine whether petitioner is authorized under 28 U.S.C. §§ 2244 and 2255 to file this instant motion in this court.

New Orleans, Louisiana, this   22nd  day of July, 2022.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**