UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 95-377** |
| **TERRENCE MILLSAPS** | **SECTION: "S"** |

ORDER AND REASONS

**IT IS HEREBY ORDERED** that the **Motion for Reduction of Sentence re Amendment 821** (Rec. Doc. 834) filed by defendant, Terrence Millsaps, is **DENIED**.

Before the court is Terrence Millsaps' Motion for Reduction of Sentence re Amendment 821 (Rec. Doc. 834). Because the motion invoked Amendment 821, it was referred to the court's 821 Screening Committee (821 Committee). Thereafter, Millsaps filed an "Amended Pleading Pursuant to Amendment 821". Rec. Doc. 838. After reviewing Millsaps' filings, the 821 Committee determined he was ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2)[1] and U.S.S.G. § 1B1.10(a)(2)(B). Rec. Doc. 847-1. However, because its review was limited to Amendment 821, the 821 Committee took no position on defendant's claim for relief under 18 U.S.C. § 3582(c)(1)(A)[2], alleging he was entitled to a reduction due to a gross sentencing disparity between the sentence he received and what he would receive under current law. The

---

[1] Title18 U.S.C. § 3582(c)(2) provides for modification of a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."

[2] Title18 U.S.C. § 3582(c)(1)(A) provides, <u>inter alia</u>, for modification of a sentence on a showing of extraordinary and compelling circumstances following exhaustion of administrative remedies with the Bureau of Prisons.

court issued a briefing schedule to address the claims outside the 821 Committee's purview.

The government filed its response, arguing that Millsaps' claims under 18 U.S.C. § 3582(c)(1)(A) have not been exhausted, nor has he demonstrated entitlement to relief under that provision. Millsaps has filed a reply, insisting that he is not pressing any claims pursuant to § 3582(c)(1)(A), and thus that the government's arguments addressing his ineligibility for a reduction under that provision are irrelevant. Millsaps contends the sole relief he is seeking is pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821.[3]

The court takes Millsaps at his word, and construes the motion as one made pursuant to Amendment 821, seeking a sentence reduction under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10(a)(2)(B), and abandoning any claims under § 3582(c)(1)(A). As previously noted, Millsaps is ineligible for this relief. As the 821 Committee concluded, although Millsaps received two "status" points under the previous version of U.S.S.G. § 4A1.1, his criminal history category was determined based on application of the career offender Guideline. PSR, ¶34. Accordingly, the retroactive amendment to § 4A1.1 does not have the effect of lowering his Guidelines range. Millsaps is therefore ineligible for a sentence reduction under 18 U.S.C. §

---

[3] Millsaps also references "Amendment 506", which the court interprets to refer to the 1994 amendment to Application Note 2 in the Commentary to U.S.S.G. § 4B1.1, clarifying the definition of "Offense Statutory Maximum". Millsaps appears to argue that retroactive application of this amendment is helpful to him, but this amendment was enacted before he was sentenced (or even indicted) in this case.

3582(c)(2) and U.S.S.G. § 1B1.10(a)(2)(B).[4] Accordingly,

**IT IS HEREBY ORDERED** that the **Motion for Reduction of Sentence re Amendment 821** (Rec. Doc. 834) filed by defendant, Terrence Millsaps, is **DENIED**.

New Orleans, Louisiana, this  18th  day of September, 2024.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

---

[4] The court also notes that to the extent Millsaps' motion is more properly construed as seeking relief under 18 U.S.C. § 3582(c)(1)(A), he is required to exhaust his remedies. The record reflects that he has not done so, and the government has not waived exhaustion. Rec. Doc. 847, 5-7. The court also observes that relief under § 3582(c)(1)(A) requires a defendant to meet the requirements of 18 U.S.C. § 3553(a). The court has previously determined that Millsaps does not meet this standard, and the instant filing includes no new evidence on that issue. See Rec. Doc. 280, 6-7.